# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1771V
UNPUBLISHED

| | |
|---|---|
| CARIANA M. FORBUSH *as administrator for* ESTATE OF KRISTI A. BAKER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 20, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Simina Vourlis*, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.

*Steven Santayana*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 18, 2019, this petition for compensation was filed under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Kristi A. Baker suffered right shoulder injuries related to vaccine administration ("SIRVA") as a result of a November 23, 2017 influenza vaccine. Petition at 1-7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 12, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 20, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $130,750.30. Proffer

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $130,750.30 (comprised of $107,500.00 for pain and suffering, $2,524.97 for past out-of-pocket expenses, $980.00 in estate costs, and $19,745.33 in past lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| _____ )<br>CARIANA M. FORBUSH, as administrator )<br>of the estate of KRISTI A. BAKER,  )<br>                                                                    )<br>           Petitioner,                                      )<br>                                                                    )<br>    v.                                                            )<br>                                                                    )<br>SECRETARY OF HEALTH AND         )<br>HUMAN SERVICES,                              )<br>                                                                    )<br>           Respondent.                                   )<br>_____ ) | No. 19-1771V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 18, 2019, Kristi A. Baker ("original petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on November 23, 2017. Petition at 1. On April 8, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on April 12, 2021, the Chief Special Master issued a Ruling on Entitlement finding original petitioner entitled to compensation. ECF No. 35; ECF No. 36. On June 1, 2021, the Chief Special Master issued an order granting a motion for substitution of parties and to amend the caption to substitute the original petitioner with the administrator of the original petitioner's estate. ECF No. 42; ECF No. 40. The motion explained that Cariana M. Forbush ("petitioner"),

1

was appointed administrator of the original petitioner's estate following her death on October 19, 2020. ECF No. 40 at 1.

**Items of Compensation**

<ins>Pain and Suffering</ins>

Respondent proffers that petitioner should be awarded $107,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

<ins>Past Out-of-Pocket Expenses</ins>

Evidence supplied by petitioner documents that she incurred past out-of-pocket expenses related to the vaccine-related injury. Respondent proffers that petitioner should be awarded past out-of-pocket expenses in the amount of $2,524.97. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

<ins>Estate Costs</ins>

Respondent proffers that petitioner should be awarded $980.00 in estate costs. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

<ins>Lost Wages</ins>

Respondent proffers that petitioner should be awarded $19,745.33 in past lost wages. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following[1]: a lump sum **payment of $130,750.30,** in the form of a check payable to petitioner.

**Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Cariana Forbush:　　　　　　　　$130,750.30

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　C. SALVATORE D'ALESSIO
　　　　　　　　　　　　　　　　Acting Director
　　　　　　　　　　　　　　　　Torts Branch, Civil Division

　　　　　　　　　　　　　　　　HEATHER L. PEARLMAN
　　　　　　　　　　　　　　　　Deputy Director
　　　　　　　　　　　　　　　　Torts Branch, Civil Division

　　　　　　　　　　　　　　　　ALEXIS B. BABCOCK
　　　　　　　　　　　　　　　　Assistant Director
　　　　　　　　　　　　　　　　Torts Branch, Civil Division

　　　　　　　　　　　　　　　　/s/ *Steven C. Santayana*
　　　　　　　　　　　　　　　　STEVEN C. SANTAYANA
　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　Torts Branch, Civil Division
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　P.O. Box 146, Benjamin Franklin Station
　　　　　　　　　　　　　　　　Washington, D.C. 20044-0146
　　　　　　　　　　　　　　　　Tel: (202) 451-7675
　　　　　　　　　　　　　　　　Fax: (202) 616-4310
　　　　　　　　　　　　　　　　Email: steven.c.santayana@usdoj.gov

Date: December 20, 2021

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

3